Mr. Jakes, how nice to see you again. Thank you, Your Honor. May I proceed? Please proceed. Thank you. You switch gears faster than I do. Go ahead. Well, there are two issues here. One is claim construction of reside around, which is in Claim 10, and the application of the axial lengthwise contact, which is in Claim 13. And here's another claim construction issue that we believe the Board got wrong in saying reside around just means in the vicinity of or near. Is this another situation in which it could be that BRI and Phillips are at odds? Well, I don't think this is a reasonable interpretation to say in the vicinity of or near. It's just the Board picking between one dictionary definition over the other without looking at the context of the patent. And so I don't think it's a reasonable construction. And in that case, I'm not sure that they would differ. So as I understand your proposal, you're saying it has to surround. That's right. Do you mean it has to completely surround? There could be a gap. There could be slits. Like the slit embodiment. Yes. And so 360 degrees is not really the issue. Well, we've got you surrounded, but for that door in the back. It doesn't work for me. I don't know. Well, and circle is also another word as well to require something as specific as saying it has to be completely 360 degrees. Like figure 35, where there clearly are curved depictions. Yes. The ying and yang. But it doesn't go completely around, right? Those don't, no. And they also are not this particular configuration, which is in the other figures 23 and 26. It's what they sometimes refer to. It looks like a milk can a little bit. And it actually goes around the outside of the body. And that's what's critical about these claims. This is not contacting between the nut and the post. It goes around the external portion of the body. Now, what is your response to the Red Brief's argument that, all right, even if we accept your proposition that it has to encircle, as long as it doesn't have to encircle completely, they've got an argument that even under that construction, at least Suzuki would read on that? Well, it doesn't encircle the body, even partially. It contacts the face of it. And the fact that it's a circle doesn't mean that it encircles the body. It goes three sides. It covers three sides of it, right? No, it just covers the face of it, one side of it, of the body. I'm looking at the figure. Maybe I'm wrong. But it looks like the continuity member is connected to the connector body and the connector body goes around. Oh, I see. Part of that is the post. That's right. It would go around the post and be adjacent to the face of the connector body. And this embodiment that's shown in 23 and 26 in those figures, this has a sleeve-like configuration and that's what these claims are directed to. And that's why it says reside around the external portion of the body, not abut the face of it. That's something very different. There's another problem with the board's construction and the immediate vicinity of or near. That doesn't even require contact. That could be just in the air. It could be inside, outside. No, it can't be outside because the rest of, while in theory those words could be outside, the rest of the claim language itself expressly requires external body contact. Yes, it does. You can't contact the external body if you're inside. I don't think that argument even makes any sense to me. Well, I think that shows that they're inconsistent. They're not inconsistent. The plain meaning could be in the immediate vicinity of, but then the claim further limits it to only on the outside portion. Your Honor, I don't think reside around, given that it has to contact, can mean that it needs to be somewhere in the vicinity of. There has to be contact. They're in the rest of the claim. To say reside around means somewhere nearby. I guess you might as well just leave that limitation out because then it doesn't mean anything. It would be certainly redundant with somehow contacting if that's all that's required. What if we said that the board's interpretation reasonably should be interpreted as saying nearby, but nearby such that it can contact rather than encircle? I think that the portion of it that relates to contact is already in the claim. So you'd basically be giving no meaning to the term reside around. It is a distinguishing feature of this particular embodiment that it actually is on the external portion and resides around the outside of the body. It is that figure 23 and 26 embodiment. To read it another way so that it could contact anywhere on the body really doesn't make sense. The word around is used 11 times in the patent, 4 in the claims, and 7 in the spec. Apart from the yin-yang embodiment, which Judge O'Malley asked you about and we'll talk about in one second again, I don't see anywhere where around is used to mean near. In every instance, it's clearly used to be an encircle or surrounding. That's right. It is. But the yin-yang embodiment, the word around is used, but then it says, with the precise language, yin-yang-like around or around in a yin-yang-like fashion or something. That's it. Is your argument on that that the yin-yang descriptor modifies it? Like if it were to say, go around a portion of? It could be that, partially around. Partially around. If you look at the figure. Yin-yang-like around. That's right. You read the figure and try to understand what those words are, you don't think it completely encircles, even though the word around is there because it's been modified. It goes partially around. It's also one of the reasons we say you don't have to completely go around. But all the other uses of the word around, which are admittedly in different contexts, talking about the shielding, they are all talking about encircling. So around generally means that. I found near 13 times, all in the spec, never in the claims. And every time it seemed to mean sort of like adjacent to. That's right. And I think that's exactly the failing with the board's claim construction. One problem, and here's where this is sort of poor draftsmanship in terms of the claims, is the word reside also appears. I don't remember the exact number of it. I highlighted that one in blue throughout the patent. Maybe it's eight or nine. But every time it uses the word resides, and I have no doubt you've done the same thing, every time it uses the word resides, it uses it with near or proximate to. And it never uses the word resides when it uses the word around, right? It does not. That's the difficulty for me. That exact syntax is not used in the specification. Well, no, it's not just the exact syntax because resides near isn't always together. But when it's talking about resides, it usually talks about the proximate location as opposed to the circumferential location. Yes. And so that's a poor, it combines those two words, and that's why we're here. I think you're right. And so the word reside on its own would certainly not mean encircle or surround. Right, like you don't reside, I mean you reside in wherever, McLean, Virginia or something, and you're not encircling McLean. No. You're not. No, reside, but the two words together when you add around with the emphasis on around. In the context of coaxial cable technology. That's right, and the particular drawings that are shown here on the external portion of the body. And so here the spring, the supposed spring of Suzuki, which is going to be inserted into Matthews, it doesn't encircle the external portion of the body. It encircles the post, but then it just touches the face, the front face of the body. And here again. So perhaps it's domicile. Yes, Your Honor, domicile. So again, the board here made no findings that contacting the front face isn't circling or surrounding under our construction. They just used their own and found that it was. Do you want to save the rest of your time for rebuttal? If I could just briefly talk about axial lengthwise contact. Here the board stated the right construction, but didn't apply it. The board's construction is contact in the direction of or along the axis. That's the axial part. It has to have at least some length. Yeah, but they found that the Tatsuzuki spring contacts at more than one point. And you fault them for arguably relying on the depicted drawing, but they said they didn't. So, I mean, back findings, evidence. Do you want to end on a weak argument? Well, I think the flaw in the board's argument is they said the ring, no matter how thin, would have axial lengthwise contact. That essentially says there can never be point contact. If they say however thin, then that means there is never point contact. So the claim construction that says no point contact is really meaningless. There has to be a way to have a ring that has point contact. And when they say however thin, it shows that they're not actually applying the construction. There's no evidence that an arbitrarily thin ring would not have some lengthwise dimension along the axis. And so the board's findings, they're really in conflict with each other for them to say however thin it could still have axial lengthwise contact. Thank you. Thank you, Mr. Tate. Mr. Walters. May I please court? I will be brief. With regard to the term reside around, the board went to the specification. It could not find a special definition for around. But it went to the dictionary and there were seven different definitions and it picked the seventh one down, even though the first one would support PPC's proposed construction, right? But all reasonable definitions. The problem with this, in my view, the problem is BRI still has an R in it. And it has to be reasonable. It has to be reasonable not just in the context of the world generally, but it has to be reasonable in the context of this patent and what is claimed and what the specification describes, right? Yes. So is there anything where it's just hanging out there and there isn't contact or it isn't encircled to some extent that you can point to me in the specification? So if you do look at the specification, you will see a number of embodiments where the continuity member is not sleeve-like. Is not sleeve-like. That's what they want. There are 53 figures and, I don't know, in excess of 20 different embodiments. Your argument can't possibly be that every claim must cover every embodiment. Right here it would be physically impossible because of the different designs. So your argument can't possibly be that every claim must cover every embodiment, is it? Is that your argument? You make a lot of arguments that sound like that in your brief, about how it would be wrong to read preferred embodiments out of this claim. That's what you actually say verbatim in your brief in several places. And that struck me as very strange in a situation where there are 25 claims and more than 20 disclosed embodiments. Meaning where there are reasonable definitions that you can choose from, it would be inappropriate to read out of the claim an embodiment where you're using a reasonable definition for the term around. In fact, their own use... Is your claim construction canon, because I've never actually heard this one before, but maybe it makes sense, is your canon, whenever there's more than one definition, the one that covers the most number of embodiments should be selected? I think in this particular case, yes, because it clearly was not excluded through the use of around. They could have used surround... Even though in many of those figures you pointed to, like figure 5, which would be excluded, it would be excluded anyway because of other limitations. For example, there the contact was with the inside of the body member and not the outside. Or how about the embodiments where the contact is actually... It's located... The continuity member resides between the post and the nut, so it's not even with the external body. I mean, a lot of those embodiments are read out of Claim 10, cannot possibly be covered by Claim 10 because of other limitations within Claim 10. So why should I necessarily then create a construction of one word within Claim 10 that would cover a portion of that embodiment, even though that embodiment can't be covered by Claim 10 because of other elements? So if there are other features of a claim, limitations that would clearly exclude an embodiment under a broadest reasonable construction, certainly those other embodiments would not fall within the scope of the claim. And I shouldn't strain to find a reasonable construction that would necessarily cover them vis-a-vis one element when they're clearly not contemplated as being covered by that claim because there are other elements which unquestionably they fail. Is that a reasonable way to think about it? One more time with the question. I'm not sure I'm following the question. Suppose there are two reasonable interpretations. Yes. Suppose there are two reasonable ones. One is broad, one is narrower. I shouldn't necessarily choose the broader one solely because it covers more embodiments vis-a-vis that particular element when it's clear that those embodiments are not meant to be covered by that claim because of the other elements. I shouldn't strain to choose a broader one just because on that construction one of the elements of an embodiment would be included when the claim clearly doesn't contemplate covering that embodiment. I'm struggling a little bit with the question. If there are limitations in the claim that would exclude an embodiment you clearly should not construe the claim to encompass that embodiment. Not only that. I shouldn't worry about the terms in the claim and be reading them with an eye towards whether that term would include that portion of that embodiment. That embodiment is now off the table. If it's clear that that embodiment is not contemplated as being covered by Claim 10 then I don't really need to pay attention to that embodiment when construing the language of Claim 10. Do I? I think you do. I think you have to look at the use of different terms to define different configurations and relationships between here, the continuity member, and the body. Your response is probably that you begin with a presumption that the same term used in different claims means the same thing. It's obviously a presumption that can be overcome. But I assume that's your point. That's absolutely one of our arguments. And that the language can inform. And that it can inform, absolutely. Yes, absolutely. So there are 11 uses of around in this specification and every one of them implies surrounding or encircling. And with the exception of the one use of around which speaks to Figure 35, why isn't Mr. Jakes right that when it says around in a yin-yang-like fashion that it's like saying partially around? Partially around, if the word around does mean, if one of its definitions is surround, you can certainly say partially around, implying partially surrounding. So if you look at that figure, Figure 35, and we have this on page 25 of our brief, that figure shows that those spring members are actually outside of a plane of the base portion of the continuity member there. So even under their definition, it's not encircling or sleeve-like or surrounding. It's outside of the plane. It's not only not completely around, it's not even in the same plane. Would that possibly suggest that Claim 35 is not covered? I mean, Figure 35 is not one of the embodiments that is covered by Claim 10? Is that what you're suggesting? I'm not sure that Figure 35 was used to show an embodiment that had to be covered or not. I think the purpose of using Figure 35 was to show that even PPC and their specification didn't limit the definition of the term around to something that had to be sleeve-like. Those spring members that they say... They didn't ask for a definition of sleeve-like. They asked for a definition of surround or encircle. They mentioned sleeve-like here today. They mentioned several sleeve-like embodiments in the patent and say, for example, those. But I don't understand Mr. Jakes to be narrowing his definition from encircle to sleeve-like. But even encircle, these flexible rings portions are not in the same plane encircling in the way that they would like the claim interpreted, whether it be surrounding or encircling. I don't remember a planar limitation either. Do you? I think that's what they're saying. If you look at a cylinder laying flat, I think they're saying that encircling has to touch the horizontal surfaces of the circle and not just the vertical surfaces of the circle. If these arms were extended, they would absolutely encircle it. It's just that they would do so at an angle. I could encircle a cylinder like this. I can also encircle a cylinder like this. Have you ever played that little ring-toss game with your kids or horseshoes, for example? Sometimes the horseshoe is at an angle. It's still encircling the post. Well, technically not because it's U-shaped. But you understand the point. Yes. If that is the construction, then just putting the continuity member on the end of the body would meet their definition, if that's what they're saying. Because it would be encircling, in the same way that it's not in the same plane. I don't understand. If it's off the end of the body, how is it encircling the body? These spring members that are referred to here as being around the continuity member are not in the same plane as the base portion of the continuity member. That's the purpose of that argument. It's to show that around is not limited to surrounding or encircling. Because here, where they talk about the spring members being around, they don't encircle or surround the base portion of the continuity member. They don't say they do it in a yin-yang-like fashion. So that's a modification of the word around, isn't it? Am I missing something? You can say partially around, can't you? And that modifies the standard definition of around. So why can't you say around in a yin-yang-like fashion and similarly modify the definition of around? If those spring members are around, then that would be no different than putting the continuity member on the face, the front face of the body. Because those spring members are not in the same plane or encircling or surrounding the base portion of the continuity member. But that still wouldn't be the same as having it just nearby, right? That's right. But our point is around is not limited to surround or encircle or sleeve-like. That's been our point all along. That the definition is broader and they use it in a broader context than their specification. What about the fact that the board relied on language from the preamble to basically for a claim differentiation analysis without having made any conclusions as to whether the preamble limited the claim? I think what the board was saying was that their construction is consistent with the terms that are used in the claim. Meaning that having a broader definition of around is appropriate because when PPC wants something to surround another object, they say so. Well, that's an after-the-fact effort to try to save what the board did, isn't it? I mean, that's not what the board said. I think that's what they were getting at when they referenced the term surround, which appears in the claims which are under appeal. That their construction is consistent with... ...surround and any other claim, they were referencing it in the preamble of the claim they were looking at, which is a problem when they didn't find that that preamble was limiting in any way. I don't think that's a problem at all for them to still use that as evidence that they meant something different when they used the term around. Isn't there a sort of general rule that the elements of the claim are consistent with, in fact, the preamble? I mean, isn't there some general rule of law that suggests that? Maybe there should be if there isn't, because I guess the point I'm making is when you're talking about the preamble, which, if nothing else, sets out the purpose of the invention, and if they use a different word in the preamble than the body, in fact, if anything, I would think we would, unlike normal statutory construction if it's all part of the statute or normal claim construction if it's in an alternative element, the point of the body is to give life and meaning, right? The preamble, the whole thing. So you would think that, if anything, we should construe the different words consistently because the preamble is the purpose for everything that comes after. I think the general rule is if there are different terms in the body of the claim, you should interpret those terms differently. I agree. The problem is this isn't the body. This is the preamble, and the whole point of the preamble is to give meaning to the actual stuff that comes after. Understood. The terms surround, unlike in the case that PPC cites in their brief, the Symantec case, unlike that case where the court found that they didn't want to give different meanings to words in the preamble because it would vitiate the meaning of terms in the body of the claim, here that's not the situation at all. The surround term in the claims in this case are dealing with the relationship of different components of a cable. The around term here is dealing with the relationship between the continuity number and the body. So the surround does not dictate that around has to be the same thing because we're talking about different things. So your argument in response to me, if I understand it, is if when they use the word surround in the preamble to be talking about the continuity number, then this might be along the lines of what I was suggesting. Yes. But they are actually using the word surround to talk about whole different components, the dielectric, the cover, the whatever. Correct. Did the board make that finding? I don't know that the board specifically made a finding on that, but it's clear from the claim itself what surround is modifying. When Mr. Jake stood up, the first place where he started is something that I think that you ought to address, which is that how can you have the definition of near or in the vicinity of when this claim requires actual contact and external portion of the connector. Now, don't bother with the internal external thing, because I don't buy into that because the claim expressly says external. So the fact that near could be bigger than just external is modified by the other language of the claim. But what about contact? You've got to have contact, electrically contact. So if there has to be contact, doesn't that really preclude almost all of near? So if you're looking at terms in a claim and we're looking at the term just around, we want to give that a reasonable definition. If there are some other terms in the claim that require the connection that you're talking about, we look at those terms to require that connection. Here it's not excluding touching. It's the same term. Continuity member, positioned to electrically contact the nut and positioned to reside around an external portion of the connector body. So how can you... May I make a couple of quick points? The and has meaning. Pardon? The and has meaning. That's your point. Okay, go ahead. What quick points do you want to make? So much like the combined appeal, here PPC has not explained why even under their construction, the embodiments that Dr. Murakowski said were obvious and that the board found were obvious because there was motivation to put the Tatsuzuki spring member into the Matthews device in the ways that are described in those embodiments, why that would not meet its claim limitations as well. And if you look at page 31 of Horning's brief and the annotated excerpt of exhibit 2007, you will see that drawing, and what that's depicting is if you think of a cylinder and you put a washer on it, on the end of a cylinder, that that washer will reside around or encircle the inside part or portion of the body. PPC can't explain why that doesn't meet the claim limitations even under their construction. My last point, very quickly, axial length. PPC themselves show in figure 16 in embodiment that they describe as a continuity member that the only portion of that continuity member that touches the post is the inner radial edge. And that continuity member is shown on page 34 of Horning's brief. And in column 14 of the patent, it is explicitly explained that that contact on the inner radial edge is the only contact that provides the continuity for that device. Okay, Mr. Walters, I think we have your argument. Thank you. We need to give Mr. Jakes his rebuttal time. How much time do we have? One minute. If it would please the panel, I don't have anything to add unless there are questions. Well, how do you respond to the fact that if you look at figure 35, it's not actually encircling, but it's connected to the end of and then on a different plane. It may have a circular feel to it, but it doesn't actually encircle anything. Well, if you look at the fact that the word around used in all the other contexts means encircle, you've got this one example where it refers to a pseudo-coaxially curved arm in a yin-yang-like fashion around the continuity member. I think you have to take all that into account looking at the figure and what it's describing. So around there means partially around, and it may not be in the same plane, but it can encircle the post or the continuity member, at least in part. Thank you. Thank you, Mr. Jakes.